OPINION
Appellant Homer Asberry Jr. is appealing his conviction in the Stark County Court of Common Pleas of one count of rape and one count of kidnaping. The incident giving rise to these charges occurred on December 11, 1996.
Appellant and the victim in this case, Barbara Ruppert, had lived together for approximately five years. In August of 1996, Ruppert left appellant and moved in with her cousin, Bridgette Bouzad, at 62 Marion Street SE, Massillon. Many of her belongings remained at appellant's residence as she had no room to store them elsewhere. After the break-up, appellant pursued Ruppert relentlessly in an effort to rekindle the relationship. On December 10, 1996, appellant began calling Ruppert early in the morning. Ruppert would not take the telephone calls. Later that afternoon, Ruppert's son, Jaris, called Ruppert, from appellant's residence, and asked his mother to come over and speak with appellant. Jarvis and appellant picked up Ruppert and drove her back to appellant's residence. During this meeting, appellant again informed Ruppert that he wanted to reconcile with her. Ruppert informed appellant that she had to think about it and decide on her own.
Ruppert reported to work that evening and worked until her shift ended at midnight. While driving home from work, Ruppert noticed that appellant was following her. Appellant pulled up to Ruppert at her cousin's residence and when she got out of her vehicle, appellant got out of his vehicle, approached Ruppert, grabbed her by the arm and told her to get into his vehicle. After Ruppert entered the vehicle, appellant drove her to his residence. Once inside appellant's residence, appellant began physically assaulting Ruppert. Appellant choked Ruppert several times, threw her to the floor and pulled hair out of her head. Appellant then told Ruppert to go upstairs and take a shower and get in bed. Appellant followed Ruppert upstairs and pulled her shirt and bra off and continued to choke and beat her. Appellant subsequently disrobed and forced her to put her mouth on his penis by grabbing her hair. After this, appellant pushed her away and began beating her with a plastic table leg. Appellant then stuck his fist into Ruppert's vagina and told her he would rip out her insides
At approximately 12:15 a.m., Bouzad heard a vehicle outside and thought it was Ruppert. Bouzad looked out the window and saw Ruppert's vehicle and the taillights of another vehicle driving quickly through the alley. Bouzad became suspicious and telephoned the police. The police went to appellant's residence. When the police knocked on appellant's front door, he told Ruppert to remain quiet and he went downstairs. Ruppert heard the police identify themselves to appellant. Upon hearing this, Ruppert wrapped a blanket around herself and went downstairs. She gave the police her name and asked them to get her out of appellant's residence. Paramedics arrived on the scene and transported Ruppert to the hospital for treatment.
The Stark County Grand Jury indicted appellant on December 23, 1996, for one count of rape, one count of kidnaping and one count of felonious sexual penetration. Upon motion of the State, prior to trial, the trial court dismissed the felonious sexual penetration charge. The trial of this matter commenced on May 13, 1997. Following deliberations, the jury found appellant guilty of rape and kidnaping. The trial court sentenced appellant to a term of five years for each count to be served concurrently.
Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant contends, in his sole assignment of error, that he was deprived effective assistance of counsel because trial counsel failed to move for a separation of witnesses and improperly portrayed appellant's character to the jury. We disagree.
The standard for reviewing claims for ineffective assistance of counsel is set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client.
If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
As stated above, appellant's first argument in support of this assignment of error is that trial counsel was ineffective in failing to move for a separation of witnesses because the State's rebuttal witness, Jaris Ruppert, was present in the courtroom during the testimony of other witnesses. Appellant contends that due to Jaris Ruppert's presence in the courtroom, his testimony was tailored to defeat appellant's defense.
The exclusion of witnesses during trial is governed by Evid.R. 615. This rule provides as follows:
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.
Clearly, the language of the rule does not require exclusion of witnesses from the courtroom without a motion and order.
The State called Jaris Ruppert as a rebuttal witness. The purpose of Jaris Ruppert's testimony was to rebut appellant's testimony that he asked the victim to get her stuff out of his house and that the victim's son was present to hear this request. Tr. Vol. II at 45, 59. This statement contradicted the victim's testimony that appellant asked her to come back to him that day and that appellant generally pursued her to return. Prior to Jaris Ruppert testifying, the State informed the trial court that Jaris Ruppert's presence in the courtroom was inadvertent and the State removed Jaris Ruppert from the courtroom once it became apparent, during appellant's testimony, that Jaris Ruppert may be called to testify as a witness.
We find no evidence, in the record, to support appellant's argument that Jaris Ruppert's testimony was tainted as a result of his presence in the courtroom before being called to testify. Jaris Ruppert merely confirmed, during his testimony, what the jury had already heard by way of the victim's testimony. Jaris Ruppert's testimony attacked appellant's credibility, it did not establish or diminish any of the essential elements of rape or kidnaping.
In his second argument in support of this assignment of error, appellant contends trial counsel was unreasonable in portraying appellant as callous and cold-hearted. Specifically, appellant refers to two comments trial counsel made during closing argument. In the first statement, trial counsel stated: "Can't be with the one you love you love the one you are with." Tr. Vol. II at 112. In the second statement, trial counsel stated: "Homer got an erection, an opportunity to knock off a piece * * *." Tr. Vol. II at 112-113. We find the use of these phrases a trial tactic by trial counsel and were consistent with appellant's testimony to explain why he was naked with the victim the night of the incident.
Trial counsel's performance did not fall below an objective standard of reasonable representation and violative of any of his duties owed to appellant. Further, appellant was not prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect because we find even if the trial court had ordered a separation of witnesses, the outcome of the trial would not have been different. We also find the statements made by appellant's trial counsel, during closing argument, did not fall below a reasonable representation and violative of any of his duties owed to appellant.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.